UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ISABELLE BLASDEL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| **NORTHWESTERN UNIVERSITY,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, ISABELLE BLASDEL, by and through her attorneys, and complaining of Defendant, NORTHWESTERN UNIVERSITY, respectfully submits the following:

### JURISDICTION

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. et. seq.; jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff has complied with all administrative prerequisites by filing a timely Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), a true copy of which is attached as Exhibit A; the EEOC has issued Plaintiff a Notice of Right to Sue, a true copy of which is attached as Exhibit B.

### VENUE

3. This action properly lies in this district pursuant to 28 U.S.C. § 1391 because the events giving rise to this claim occurred in this judicial district.

## PARTIES

4. Plaintiff, ISABELLE BLASDEL ("Blasdel"), is a female citizen and resident of Illinois, who was formerly employed by Defendant.

5. Defendant, NORTHWESTERN UNIVERSITY, is a corporation duly organized and existing under the laws of the State of Illinois, with its principal place of business in Evanston, Illinois; at all relevant times, Defendant was an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

## FACTUAL ALLEGATIONS

6. In 2002, while Blasdel was employed as Assistant Professor of Pharmacology at Boston University, she was recruited by Defendant's Department of Physiology of The Feinberg Medical School of Northwestern University.

7. In order to convince Blasdel to leave her position at Boston University Medical School ("BUMS"), Defendant made a number of promises to Blasdel about her working conditions and the opportunities she would be given if she came to work for Defendant.

8. One of the promises Defendant made to Blasdel was that she would be a member of the Udall Center for Parkinson's Disease Research ("Udall Center").

9. Blasdel made the move based on these representations and because she welcomed the opportunity to explore and develop the clinical relevance of her work for Parkinson's Disease.

10. Blasdel accepted Defendant's offer of an initial faculty appointment at the rank of Assistant Professor in the Department of Physiology on the Investigator career track.

11. It was agreed that Blasdel would have six years to be considered for tenure.

12. Blasdel began her employment with Defendant on or about March 1, 2003.

13. Blasdel was the only female faculty member in the Department of Physiology.

14. Just months after she began her employment with Defendant, in July 2003, Blasdel was informed by her Department Chair that she would not be an Assistant Professor; rather, she would be an Associate Professor. Defendant further informed Blasdel that she would not have 6 years to develop her work before she would be considered for tenure; rather, she would only have 3 years before she would be evaluated for tenure. Subsequently, it was decided that Blasdel would be evaluated for tenure after 4 years with Defendant.

15. Defendant did not follow its own guidelines in setting the timing for Blasdel's tenure evaluation.

16. Meanwhile, male colleagues of Blasdel who were hired as Assistant Professors into the Department of Physiology a few months prior to Blasdel who were initially given six years within which to be evaluated for tenure received unsolicited extensions to a nine year time frame.

17. In addition, Defendant treated Blasdel differently and less favorably than her male colleagues with respect to the terms and conditions of her employment in a manner that was detrimental to Blasdel's career development.

18. By example, Defendant presented Blasdel with significant obstacles to her research development. On February 1, 2004, as Blasdel was about to submit her application for Udall grant supplemental funds, she was told by her Department Chair that she should not send it in. By September 2004, Blasdel was no longer invited to participate in the scientific work of the Udall Center and was no longer in the position to apply for the Udall funds. By the Spring of 2005, Blasdel learned that she would not even be permitted to participate in further Udall Center meetings.

19. These unexpected obstacles related to Blasdel's research career development required her to devote time to reorienting her research program to address issues in drug addiction since her original plan to focus on Parkinsonism had encountered unanticipated obstacles.

20. In contrast, a male hired as an Assistant Professor a couple of months prior to Blasdel was given all the support he needed – funding, a new lab, students and post-graduate trainees – to achieve tenure status.

21. Throughout her employment, Blasdel was the only female faculty member in the Department of Physiology on a tenure track position, and her scientific and academic credentials matched or exceeded those of recently tenured male colleagues.

22. In June 2007, Blasdel learned that she was denied tenure. The 2007-08 academic year was therefore Blasdel's terminal year, and she was terminated effective on or about August 31, 2008.

23. In over 100 years of the Department's existence, no females have ever been granted tenure in the Department of Physiology.

## COUNT I

### DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

24. Blasdel realleges paragraphs 1 through 23 and incorporates them as fully set forth herein.

25. Title VII makes it unlawful for an employer to discriminate against any individual with regard to her terms, conditions, or privileges of employment, because of such individual's sex. Further, it is a violation of Title VII to limit or segregate employees in any way that would

deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee because of such individual's sex.

26. By its conduct as alleged herein, Defendant discriminated against Blasdel in violation of Title VII.

27. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's rights under Title VII.

28. By reason of Defendant's discrimination, Blasdel suffered severe harm, and is entitled to all legal and equitable remedies available under Title VII.

## COUNT II

### FAILURE TO GRANT TENURE AND RESULTING DISCHARGE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

29. Blasdel realleges paragraphs 1 through 23 and incorporates them as fully set forth herein.

30. Title VII makes it unlawful for an employer to make employment decisions because of an individual's sex.

31. By its conduct as alleged herein, Defendant discriminated against Blasdel in violation of Title VII.

32. Defendant's conduct toward Blasdel illustrated a willful and/or reckless disregard of Blasdel's rights under Title VII.

33. By reason of Defendant's discrimination, Blasdel suffered severe harm, and is entitled to all legal and equitable remedies available under Title VII.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in her favor and against Defendant as follows:

a. Declare Defendant's conduct unlawful in violation of Title VII;

b. Award Plaintiff the value of all compensation and benefits lost as a result of Defendant's unlawful conduct;

c. Order Defendant to reinstate Plaintiff to a position she would have had absent the discrimination; or, in the alternative, award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendant's unlawful conduct;

d. Award Plaintiff any and all applicable compensatory and punitive damages;

e. Award Plaintiff reasonable attorneys' fees, costs and disbursements;

f. Award pre-judgment interest; and

f. Award Plaintiff any and all other such relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all claims triable of right to a jury.

Respectfully submitted,

   /s/ Lori D. Ecker
Attorney for Plaintiff

Lori D. Ecker
Law Office of Lori D. Ecker
120 N. LaSalle St., Ste. 1050
Chicago, IL 60602
312/855-1880
loriecker@ameritech.net
Registration No. 6183063

M. Megan O'Malley
O'Malley & Madden, P.C.
542 S. Dearborn St., Ste. 660
Chicago, IL 60605
312/697-1382
office@ompclaw.com