UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ISABELLE BLASDEL,              )
                               )
           Plaintiff,          )
                               )
     vs.                       )        09 C 5576
                               )
NORTHWESTERN UNIVERSITY,       )
                               )
           Defendant.          )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant Northwestern University to dismiss Count I of Plaintiff Isabelle Blasdel's complaint. For the reasons set forth below, the motion is granted.

## BACKGROUND

According to the allegations of the complaint, which we must accept as true for purposes of the present motion, Blasdel was hired as an Assistant Professor in the Department of Physiology of Northwestern's medical school in March 2003. As part of her employment offer, Blasdel was made a member of a research center at the university that focused on Parkinson's disease. Blasdel was the only female faculty member in her department.

In July 2003, Blasdel was informed that she would be an Associate Professor, not an Assistant Professor, and that she would be evaluated for tenure after 3 years rather than the 6-year period she had initially been told. She contends that men who were hired as Assistant Professors a few months before she was were given 6 years to achieve tenure and then received unsolicited 3-year extensions. Subsequently, Blasdel's 3-year timeframe was extended to 4 years.

With regard to her research efforts, Blasdel alleges that, as she was about to apply for supplemental research grants in February 2004, the chair of her department advised her that she should not. She claims that by September 2004, she was no longer invited to participate in scientific work or able to apply for funds at the research center. The following spring, Blasdel was told that she would not be permitted to participate in meetings at the research center. In June 2007, she was denied tenure. On July 26, 2007, she filed a charge of sex discrimination with the Equal Employment Opportunity Commission ("EEOC"). Her employment at Northwestern was terminated just over a year later.

On September 9, 2009, Blasdel filed the instant suit, in which she alleges violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. The second count of the complaint alleges that Northwestern unlawfully discriminated against her with the denial of tenure and subsequent termination of her employment. The first count asserts that Northwestern engaged in discriminatory behavior in all of its conduct

alleged in the complaint. Northwestern now moves to dismiss Count I of Blasdel's complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To state a cognizable claim, a complaint must both describe the claim in sufficient detail to give the defendant notice of what it is and the ground upon which it rests and plausibly suggest that the plaintiff has a right to relief, raising that possibility above the speculative level. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

A complaint's legal sufficiency is not compromised simply because it does not anticipate or otherwise preemptively address potential defenses. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). If, however, the presence of an affirmative defense is apparent from the allegations contained within a complaint,

the affected allegations can be dismissed before a responsive pleading is filed. *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). If the presence of an affirmative defense cannot be established without resort to information outside the complaint, it is improper to grant a motion to dismiss on the basis that an affirmative defense exists. *See Deckard v. General Motors Corp.*, 307 F.3d 556, 560 (7th Cir. 2002).

With these principles in mind, we turn to the instant motion.

**DISCUSSION**

In its motion, Northwestern asserts that Count I premises liability on events that occurred outside of the 300-day statute of limitations applicable to Title VII claims. The EEOC charge attached to Blasdel's complaint was filed on July 26; the 300-day period preceding the filing thus began on September 29, 2006. The latest event alleged in Blasdel's complaint before this date took place in the spring of 2005, more than a year before. Though assertion of an affirmative defense will typically not support a motion to dismiss, the face of Blasdel's complaint establishes that the specific events that she references apart from the tenure denial and subsequent termination occurred more than 300 days before she filed her charge with the EEOC.

Blasdel argues that the events described in her complaint form a continuing violation and therefore the 300-day period does not work as a bar to advancement of any allegedly discriminatory conduct as an independent basis for liability. Activity occurring beyond the 300-day limitations period can be actionable if it is part of a

pattern of discrimination that extended into the limitations period, i.e., a "continuing violation." *Chambers v. Am. Trans Air, Inc.*, 17 F.3d 998, 1003 (7th Cir. 1994). The continuing violation doctrine allows courts to consider conduct that would ordinarily be time barred as long as the untimely incidents represent an ongoing unlawful employment practice. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 107 (2002).

In Morgan, the Supreme Court stated that, though an employee can use discrete discriminatory acts that occurred more than 300 days before a charge of discrimination was filed as background evidence in support of a claim that was timely filed, those acts cannot be used as independent premises for liability even if they are related to the acts underlying timely claims. *Id*. at 113. To assess whether an event is part of a continuing violation or constitutes a discrete discriminatory act, the Seventh Circuit has identified three points of relevant inquiry: (1) whether the acts involve the same subject matter; (2) the frequency with which the acts occurred; and (3) the degree of permanence of the alleged acts of discrimination that should trigger an employee's awareness and duty to assert her rights. *Tinner v. United Ins. Co. of Am.*, 308 F.3d 697, 708 (7th Cir. 2002).

For purposes of this motion, we must accept as true all well-pleaded facts and allegations in the complaint, draw all reasonable inferences in favor of the plaintiff, and construe allegations of a complaint in the light most favorable to the plaintiff. *Bontkowski*, 998 F.2d at 461. The well-pleaded facts of Blasdel's complaint consist

of the acts that she specifically describes—namely her July 2003 reclassification, the advice of her department chair that she should not apply for supplemental research funding in February 2004, her exclusion from the research center in September 2004 and spring 2005, the denial of tenure in July 2007, and the termination of her employment in August 2008. Viewing Blasdel's allegations in a light most favorable to her, each of these acts can be construed as pertaining to her career advancement at Northwestern, specifically her ability to become tenured faculty. Each event is separated from its predecessor by intervals ranging from 7 months to 2 years. This range is slightly shorter than the gaps that have previously been determined to separate discrete acts in this area of law. *See, e.g., Tinner*, 308 F.3d at 709 (1-3 years); *Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 396 (7th Cir. 1999); *Selan v. Kiley*, 969 F.2d 560, 567 (7th Cir. 1992) (2 years). However, it is nowhere near the frequency that has been determined to indicate a single continuous course of conduct rather than a series of related but discrete events. *See, e.g., Malozienc v. Pacific Rail Services*, 606 F. Supp. 2d 837, 858 (N.D. Ill. 2009) (describing multiple types of discriminatory conduct being "common" in plaintiff's workplace as well as in tandem with each other). Finally, the actions that Blasdel describes, even when construed in a light most favorable to her, are significant obstacles to her career advancement. Blasdel was aware of each of these setbacks as it took place. She would have also been aware from the beginning of her time at Northwestern that she was the only female in her

department. She should have been aware of a need to determine whether her rights were being compromised and act accordingly before tenure was denied.

Looking at all of these factors together, we conclude that the events set out in Blasdel's complaint constitute discrete acts, each subject to a separate 300-day limitation, rather than a continuous course of conduct that would be subject to only one such period. Consequently, the face of Blasdel's complaint establishes the presence of the affirmative defense of the expiration of the statute of limitations for any conduct occurring prior to September 26, 2006. Because Count I does not specify any event within its ambit that took place after that date, dismissal is appropriate.

## CONCLUSION

Based on the foregoing analysis, the motion to dismiss Count I of Blasdel's complaint is granted.

_____
Charles P. Kocoras
United States District Judge

Dated:  December 23, 2009